**193 P.2d 624**

**THOMAS et al. v. MYERS et al.**

**No. 5119.**

Supreme Court of New Mexico.

May 20, 1948.

Seth & Montgomery, of Santa Fe, for appellants.

Watson, McIntosh & Watson, of Santa Fe, for appellees.

McGHEE, Justice.

The appellees sold a tract of land to the appellants and agreed to convey it in fee simple and furnish an abstract showing that they were vested with a good and merchantable title.

An abstract was furnished which disclosed that previously the appellees had secured a decree quieting title to the land contracted to be conveyed. It further showed that in the caption of the complaint in the quiet title suit a number of defendants were impleaded as follows: "Unknown Heirs of the Following Named Deceased Persons, to-wit," and that here followed a list of names of 178 persons alleged to be deceased, who in their respective lifetimes were alleged to claim some right, title or interest in the premises adverse to the plaintiffs.

After the abstract had been examined the appellants advised the appellees that they were unable to convey a good and merchantable title to the land for the reason that they should not have grouped all of the alleged deceased persons as set out above, but that they should have been specified individually under the style of "Unknown Heirs of ———, deceased," inserting the name and repeating such designation in substantially that form each time in connection with the unknown heirs of each such deceased person.

This declaratory judgment action was then brought to determine the validity of the decree quieting the title and the rights of the parties.

The appellants filed a motion to dismiss the complaint on account of the manner in which the unknown heirs had been named in the caption, as above set out. The trial court denied the motion to dismiss, and as it was agreed that the factual matter set out in the complaint was true, judgment was rendered that the naming of the defendants as above set out was a sufficient compliance with the statutes and rules of court, and that the unknown heirs of the deceased persons named in the quiet title complaint were bound by the decree.

The applicable rule is found in Sec. 25-1302, of which we quote the part material to a decision here: "The plaintiff must file his complaint in the district court, * * *. Any or all persons whom the plaintiff alleges in his complaint he is informed and believes make claim adverse to the estate of the plaintiff, the unknown heirs of any deceased person whom plaintiff alleges in his complaint in his lifetime made claim adverse to the estate of the plaintiff, * * * may be made parties defendant to said complaint by their names, * * * such unknown heirs by the style of unknown heirs of such deceased person, * * *."

The appellants feel that their position is sustained by Rule 19-101, rule 4(g) NMSA 1941, the material part of which, for the purpose of this case, reads: "In suits to quiet title or in other proceedings where unknown heirs are parties, * * * it shall be sufficient to use the following form in the notice of pendency of action: 'Unknown heirs of the following named deceased persons;' then follow with the names of the various deceased persons whose unknown heirs are sought to be served; * * *."

The notice of suit pending is published and is the process by which the defendants are warned to come into court and assert their interests, if any they have, and it is more likely that they will see this notice than that they will keep an eye on the complaints filed in the district court and thus see that their interests are not cut off.

The appellants rely largely upon the case of Priest et al. v. Bd. of Trustees of Town of Las Vegas, 16 N.M. 692, 120 P. 894, where it is stated that statutory provisions for the service of process upon unknown claimants by publications in actions to quiet title will be strictly construed. In that case the plaintiffs sought to cut off the rights of patentees to the land who were in actual possession by claiming that they were included as defendants as unknown claimants, but the court held that this could not be done. We do not consider that case as authority for the position of the appellants here.

It has been almost the universal practice to name unknown heirs as parties defendant under the style and designation as urged by the appellants in these quiet title suits, and we can well appreciate the hesitancy of their able attorneys to approve a title where this unorthodox form was followed. This is especially true where other attorneys had refused to approve the title to other lands included in the same quiet title action.

After a consideration of the rules and authorities, we have reached the conclusion that to force a litigant to follow the course urged by the appellants would serve no useful purpose and that it is not required by a fair construction of the rule. We hold that the complaint in the quiet title action was sufficient, and the judgment of the district court will be affirmed, and it is so ordered.

BRICE, C. J., and LUJAN, SADLER and COMPTON, JJ., concur.